UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FORTINO GONZALEZ #761448,

    Plaintiff,

v.                                                            Case No.   2:16-cv-00266
                                                            HON.   GORDON J. QUIST

CATHERINE S. BAUMAN, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

        This is a civil rights action brought by state prisoner Fortino Gonzalez pursuant to 42 U.S.C. § 1983.   Plaintiff asserts that Defendant Larry Henley violated his Eighth Amendment rights by refusing to accommodate his medical need for a lower bunk and his First Amendment rights by issuing a retaliatory misconduct ticket for violating a direct order.   Plaintiff transferred to the Alger Correctional Facility on March 21, 2016, after hours.   The late transfer was not routinely processed through the transfer hub.   Instead, Plaintiff was processed through the Control Center.   Defendant Henley received a call from the Control Center informing him that a new prisoner had arrived, who was assigned to the upper bunk in Maple Unit cell 227.   When Plaintiff arrived in Maple Unit, Defendant Henley told him that he was assigned to the upper bunk in cell 227.   Plaintiff immediately protested explaining that he had a medical detail for a lower bunk. Plaintiff states that Defendant Henley refused to acknowledge or even look at Plaintiff's special accommodation.   When Plaintiff refused to lock inside cell 227, Defendant Henley issued Plaintiff a misconduct ticket for disobeying a direct order. Plaintiff was taken to segregation.

Defendant Henley states that Plaintiff did not show him a medical detail for a lower bunk. Defendant Henley telephoned the Control Center and spoke with officer Giotto. Officer Giotto was unable to verify that Plaintiff had a medical detail for a lower bunk. Medical details and special accommodations are entered into the Offender Management Network Information computer database. Officer Giotto was unable to locate Plaintiff's medical detail. Defendant Henley told Plaintiff to go to cell 227 and stated that he would check with Healthcare to see if Plaintiff had a medical need for a bottom bunk. Plaintiff argued and refused to enter the cell. Defendant Henley issued Plaintiff a Class II misconduct ticket for disobeying a direct order. The supervisor who reviewed the misconduct ticket elevated the offense to a Class I infraction. After a hearing, Plaintiff was found guilty of the misconduct:

> On 3/21/16 the prisoner was given a reasonable and valid order to lock in 227. Prisoner heard and understood the order as the prisoner responded by stating, "Put me in seg. I can't lock in an upper bunk." Prisoner did not do as ordered as he did not go to cell 227. Prisoner claims he could not lock in an upper bunk because of medical problems. Prisoner is correct that he has a special accommodation for a bottom bunk but that does not mean that the order was unreasonable. According to the Hearings Handbook, page 42, "Normally, any directive or command from a staff member to a prisoner must be obeyed. The institutional need for control of inmate action makes it of paramount importance that orders are not questioned when given, but rather are fully and immediately followed. After compliance, the prisoner may discuss the order with staff, if appropriate, or file a grievance if s/he feels the order should not have been given... The only situations which may result in not guilty finding to the charge, based on the order being unreasonable, are if: (a) Compliance with the order would create a significant risk of serious harm to the prisoner's physical well-being..., OR (c) Compliance with the order Is not physically possible. These criteria should be strictly interpreted." Prisoner could have gone to cell 227 without any problem. He was not ordered to climb the ladder and sit on the bunk. He was ordered to go to 227 "for the time being" while the officer checked with health services. The prisoner did not want to do that Instead, he demanded to go to segregation. Prisoner should have gone to the cell and waited as he was physically capable of doing that. If the officer couldn't accommodate the prisoner,

2

>then the prisoner could have taken other appropriate steps. Prisoner should have done what was ordered when he was able to comply with the order. Reporting staff member factual and is credible as to what occurred. Prisoner's claims do not provide the prisoner with a defense to the charge. Charge upheld.

(ECF No. 29-2, PageID.210-211).    Defendant Henley filed a motion for summary judgment (ECF No. 28).    Plaintiff filed a response.    (ECF No. 31).

Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986).    If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial.    *Id.* at 324-25.    The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial."    *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)).    The evidence must be viewed in the light most favorable to the nonmoving party.    *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986).    Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true.    *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)).    However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient.    *Anderson*, 477 U.S. at 251-52.    Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff."    *Id.* at 252.    *See also Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas & Co. v. Coffey*,

992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Plaintiff argues that Defendant violated his Eighth Amendment rights when he ordered Plaintiff to lock in cell 227 without first verifying whether Plaintiff had a medical detail for a bottom bunk. The Eighth Amendment imposes a constitutional limitation on the power of the states to punish those convicted of crimes. Punishment may not be "barbarous" nor may it contravene society's "evolving standards of decency." *Rhodes v. Chapman*, 452 U.S. 337, 345-46 (1981). The Amendment, therefore, prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain." *Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346). The deprivation alleged must result in the denial of the "minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347; *see also Wilson v. Yaklich*, 148 F.3d 596, 600-01 (6th Cir. 1998). The Eighth Amendment is only concerned with "deprivations of essential food, medical care, or sanitation" or "other conditions intolerable for prison confinement." *Rhodes*, 452 U.S. at 348 (citation omitted). Moreover, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey*, 832 F.2d at 954.

In order for a prisoner to prevail on an Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that the defendant official acted with "'deliberate indifference' to [his] health or safety." *Mingus v. Butler*, 591 F.3d 474, 479-80 (6th Cir. 2010) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (applying deliberate indifference standard to medical claims); *see also Helling v. McKinney*, 509 U.S. 25, 35 (1993) (applying deliberate indifference standard to conditions of confinement claims)).

In the opinion of the undersigned, Plaintiff has failed to show that Defendant Henley violated Plaintiff's Eighth Amendment rights. Defendant Henley told Plaintiff that he had been assigned to the top bunk in cell 227. When Plaintiff protested, Defendant Henley called the Control Center to see if Plaintiff had a medical detail or special accommodation for a top bunk. The officer in the Control Center was unable to locate a detail or accommodation on the computer database. Officer Henley instructed Plaintiff to go into cell 227. Plaintiff refused to enter cell 227. Officer Henley asked Plaintiff to go into the cell so that he could check with Healthcare staff to determine if Plaintiff had a medical need for a bottom bunk. Plaintiff became argumentative and refused to comply with the order. As a result, Plaintiff was placed in a segregation cell that contained only a bottom bunk. (Plaintiff's deposition, ECF No. 29-3, PageID.216). Plaintiff fails to allege any facts in support of his claim that Defendant acted with deliberate indifference to Plaintiff's serious medical needs. In the opinion of the undersigned, the undisputed facts establish that Defendant Henley did not violate Plaintiff's Eighth Amendment rights.

Plaintiff asserts that Defendant Henley retaliated against him by issuing a misconduct for violating a direct order because Plaintiff refused to enter cell 227. In order to set forth a First Amendment retaliation claim, a plaintiff must establish that: (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, in least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir.1999) (en banc). Moreover, Plaintiff must be able to prove that the exercise of the protected right was a substantial or motivating factor in the defendant's alleged retaliatory conduct. *See Smith v.*

*Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001) (citing *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977)).

Temporal proximity "may be 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004) (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir. 2004)). However, "[c]onclusory allegations of temporal proximity are not sufficient to show a retaliatory motive." *Skinner v. Bolden*, 89 F. App'x 579, 580 (6th Cir. 2004). Moreover, *Muhammad* does not stand for the proposition that temporal proximity alone is sufficient to create an issue of fact as to retaliatory motive.

> In *Muhammad* the Sixth Circuit did not resolve the issue, but merely observed that "temporal proximity alone **may be** 'significant enough to constitute indirect evidence of a causal connection so as to create an inference of retaliatory motive.'" *Id.* at 418 (quoting *DiCarlo v. Potter*, 358 F.3d 408, 422 (6th Cir.2004) (emphasis added). Even if temporal proximity may in some cases create an issue of fact as to retaliatory motive, it would only be sufficient if the evidence was "significant enough." Plaintiff's conclusory and ambiguous evidence is not "significant enough" to create an issue of fact as to retaliatory motive.

*Brandon v. Bergh*, 2010 WL 188731, slip op. at 1 (W.D. Mich., Jan. 16, 2010).

In the opinion of the undersigned, Plaintiff fails to support his retaliation claim. Defendant Henley issued Plaintiff a Class II misconduct ticket for violating a direct order after Defendant Henley told Plaintiff to go into cell 227.   Plaintiff refused to comply with the order. Defendant Henley issued the order to give himself time to check with Healthcare staff to determine whether Plaintiff had an accommodation for a lower bunk.   Plaintiff was never ordered to go into the top bunk and was not issued a misconduct ticket for refusing to climb into the top bunk in cell 227.   Plaintiff was found guilty of the misconduct after a hearing. In the opinion of the

undersigned, Plaintiff has not shown that Defendant Henley has a retaliatory motive for issuing Plaintiff a misconduct ticket after Plaintiff disobeyed a direct order to enter cell 227.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's motion for summary judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (ECF No. 28) be granted and that this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendant's motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and recommendation and should Plaintiff appeal this decision, the court will assess the $505 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505 appellate filing fee in one lump sum.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

           /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   January 17, 2019