UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

FORTINO GONZALEZ #761448,

 Plaintiff,

v.                  Case No. 2:16-CV-266

LARRY HENLEY,           HON. GORDON J. QUIST

 Defendant.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

 Plaintiff, Fortino Gonzalez, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that several Defendants violated Plaintiff's Eighth Amendment rights by refusing to accommodate his medical need for a lower bunk and violated his First Amendment rights by issuing a retaliatory misconduct ticket. This Court dismissed Plaintiff's complaint with respect to ten Defendants, leaving Defendant Larry Henley as the sole Defendant. (ECF No. 7.) Defendant Henley now moves for summary judgment on Plaintiff's claims. (ECF No. 28.) Magistrate Judge Timothy Greeley submitted a Report and Recommendation (R & R) recommending that the Court grant Defendant Henley's motion for summary judgment and dismiss the case in its entirety. (ECF No. 34.)

 Plaintiff has filed objections to the R & R. (ECF No. 35.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

## I. Background

Plaintiff transferred to Alger Correctional Facility after hours on March 21, 2016. The late transfer was processed through the Control Center rather than through the transfer hub because of the timing of the transfer. Defendant Henley responded to a call from the Control Center informing him that a new prisoner had arrived and that the prisoner was assigned to Maple Unit, cell 227, upper bunk. When Defendant Henley told Plaintiff his cell assignment, Plaintiff protested, explaining that he had a medical detail for a lower bunk.

According to Plaintiff, he tried to show Defendant Henley his special accommodation order, but Defendant Henley refused to look at it. Plaintiff then showed Defendant Henley his leg brace, but Defendant Henley became angry and cuffed Plaintiff's hands behind his back.

According to Defendant Henley, Plaintiff never showed him a special accommodation order. Defendant Henley telephoned the Control Center and spoke with Officer Giotto, who checked the computer database but was unable to locate Plaintiff's medical detail. Plaintiff told Defendant Henley to send Plaintiff to segregation because he could not stay in an upper bunk. Defendant Henley ordered Plaintiff to enter cell 227 for the time being while Defendant Henley checked with Health Services to determine if Plaintiff had a medical need for a lower bunk. Plaintiff argued and refused to enter the cell. Plaintiff disputes that Defendant Henley gave him a direct order to enter the cell, and Plaintiff maintains that he did not tell Defendant Henley to send Plaintiff to segregation.

Defendant Henley issued Plaintiff a Class II misconduct ticket for disobeying a direct order. The supervisor who reviewed the misconduct ticket elevated the offense to a Class I infraction. At the misconduct hearing, the hearing officer determined that Plaintiff was given a reasonable and valid order to enter cell 227 and that Plaintiff could have complied with the order without risk to his physical safety because he could have waited in the cell without climbing to the upper bunk.

## II. Preclusive Effect of the Misconduct Hearing Officer's Factual Findings

At first glance, Plaintiff's notarized affidavit (ECF No. 31-5)—included in his response to Defendant Henley's motion for summary judgment and contesting key facts related to Plaintiff's claims—would make summary judgment inappropriate because genuine issues of material fact still exist. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."); *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (stating that "any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true"). However, the findings of the misconduct hearing have preclusive effect in this litigation, and those findings support Defendant Henley's version of events.

To determine whether a hearing officer's factual determinations at a misconduct hearing have a preclusive effect in subsequent § 1983 litigation, this Court looks to the test set forth in *Peterson v. Johnson*, 714 F.3d 905 (6th Cir. 2013). *See Maben v. Thelen*, 887 F.3d 252, 259 (6th Cir. 2018), *reh'g denied* (Apr. 19, 2018) (applying the *Peterson* test in finding that a *minor* misconduct hearing does not have preclusive effect on later § 1983 litigation, as distinguished from a *major* misconduct hearing that can have preclusive effect). The *Peterson* test relies on four criteria to determine preclusive effect: (1) that the agency acted in a judicial capacity; (2) that the

hearing officer resolved a disputed issue of fact that was properly before the agency; (3) that Plaintiff had an adequate opportunity to litigate the factual dispute; and (4) that, if the first three criteria are satisfied, the Court will give the agency's finding the same preclusive effect that it would be given in state courts. *Peterson*, 714 F.3d at 912-13. The Sixth Circuit in *Peterson* determined that a major misconduct hearing (*i.e.*, a Class I Misconduct Hearing) satisfies the first and last criteria as long as the other two criteria are satisfied. *Id*.

Applying the second criterion to the instant case, the hearing officer was tasked with determining whether Plaintiff disobeyed a direct order. More specifically, the hearing officer had to determine whether the order from Defendant Henley was reasonable and valid, whether Plaintiff heard and understood the order, and whether Plaintiff was able to comply with the order without a significant risk of serious harm to his physical well-being. (ECF No. 29-2 at PageID.210.) The hearing officer concluded that Defendant Henley's order was reasonable and valid, that Plaintiff heard and understood the order, and that Plaintiff was able to comply with the order because he could have entered the cell without climbing to the upper bunk while Defendant Henley verified Plaintiff's accommodation with Health Services. (*Id*. at PageID.211.) Therefore, the hearing officer's factual findings satisfy the second criterion.

Turning to the third criterion, Plaintiff had an adequate opportunity to litigate the factual issue. Plaintiff testified at the hearing. Plaintiff had an incentive to contest the factual issue because the finding resulted in a loss of privileges. (*Id*.) If Plaintiff disagreed with the results of the hearing, he could have requested a rehearing. (*Id*. at PageID.207.) Based on the procedures provided to all prisoners charged with a Class I misconduct, and the notes of the hearing officer, the Court believes that Plaintiff had an adequate *opportunity* to litigate the factual issues, regardless of whether Plaintiff chose to litigate vigorously. *See Peterson*, 714 F.3d at 913 (finding the third

4

criterion satisfied because major misconduct hearings offer a "plethora of statutory protections" and the opportunity to appeal within the department and to the state courts if necessary). The hearing officer's factual findings satisfy all of the *Peterson* criteria, and thus, are given preclusive effect in this litigation.

### III. Eighth Amendment Deliberate Indifference Claim

Plaintiff claims that Defendant Henley refused to acknowledge Plaintiff's medical detail, and that Defendant Henley's action constituted deliberate indifference to Plaintiff's serious medical need. For Plaintiff to prevail on his Eighth Amendment claim, he must show that he faced a sufficiently serious risk to his health or safety and that Defendant Henley acted with deliberate indifference to Plaintiff's health or safety. *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010). However, the hearing officer specifically found that Plaintiff could have complied with Defendant Henley's order to enter the cell without a serious risk to Plaintiff's physical well-being because Plaintiff could have simply waited in the cell while Defendant Henley verified Plaintiff's accommodation with Health Services. Consequently, Defendant Henley is entitled to summary judgment on Plaintiff's Eighth Amendment claim.

### IV. First Amendment Retaliation Claim

Plaintiff also claims that Defendant Henley wrote a false misconduct ticket on Plaintiff in retaliation for Plaintiff asserting his right to a medical accommodation. To prevail on this claim, Plaintiff must establish that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). But "[i]f the defendant can show that he would have taken the same action in the absence of the protected activity, he is entitled to prevail on summary

5

judgment." *Id*. at 399.  Here, the hearing officer found that Defendant Henley issued a direct order that was reasonable and valid, and that Plaintiff disobeyed that order.  Thus, Plaintiff has failed to show that Defendant Henley had a retaliatory motive for issuing the misconduct ticket, and Defendant Henley is entitled to summary judgment on Plaintiff's retaliation claim.

## V.  Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the January 17, 2019, Report and Recommendation (ECF No. 34) is **approved** and **adopted** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant Henley's motion for summary judgment (ECF No. 28) is **granted**, and Plaintiff's claims against Defendant Henley are **dismissed with prejudice**.

This case is **concluded**.

A separate judgment will enter.


Dated: February 28, 2019                                         /s/ Gordon J. Quist
                                                                 GORDON J. QUIST
                                                                 UNITED STATES DISTRICT JUDGE